JOE SHIELDS
16822 Stardale Lane
Friendswood, Texas 77546
Phone: 281-482-7603

JOE SHIELDS IN PRO PER



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOE SHIELDS | ) | CIVIL ACTION No. _____ |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| EXTEND HEALTH INC. | ) | |
| | ) | |
| | ) | COMPLAINT FOR CIVIL DAMAGES |
| | ) | AND INJUNCTIVE RELIEF |
| | ) | |
| Defendant | ) | JURY TRIAL DEMANDED |

ORIGINAL COMPLAINT

Plaintiff Joe Shields brings this action under the Telephone Consumer Protection Act (hereinafter TCPA), 47 U.S.C. §227, (1991), the Code of Federal Regulations (hereinafter CFR) implementing the TCPA, 47 CFR §64.1200 and Texas Business and Commerce Code (hereinafter "TB&CC") §305.053 to obtain statutory civil damages, treble damages, injunctive relief and any other equitable relief the Plaintiff is entitled to under the TCPA.

JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 47 U.S.C. §227(c)(5), 28 USC §1331 and 28 USC

§1357. Federal Courts have federal question jurisdiction, 28 USC §1331, because this case is about a cause of action created by federal statutes namely 47 U.S.C. §227(c)(5). Federal Courts have federal jurisdiction, 28 USC §1357, because this case is about an injury to a person under an Act of Congress namely 47 U.S.C. §227.

2. Venue is proper in this District under 28 USC §1391(b)(2) because all or a substantial part of the events or omissions giving rise to the stated claim(s) occurred in area code 281 which is located in Harris County, Texas.

## DEFENDANT

3. Defendant Extend Health Inc. is a business headquartered in Philadelphia, Pennsylvania. The Defendant is registered with the Texas Secretary of State to do business in the State of Texas. Defendant maintains a registered agent in the State of Texas. The Defendant may be served by serving its Texas registered agent National Registered Agents Inc. at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## DEFENDANT'S TELEMARKETING CALLS

4. The Defendant is a seller of healthcare insurance, and amongst others markets supplemental Medicare health insurance and Medicare part D prescription plans. Defendant markets such insurance and prescriptions plans through the use of amongst other means telemarketing calls to members of the public throughout this district. The Defendant initiates their telephone solicitations to

telephone numbers that are listed on the National do-not-call list (Hereinafter "NDNCL") without the prior express written consent of the called party. Defendant's process or procedure(s) to prevent telephone solicitations to telephone numbers listed on the NDNCL were insufficient to prevent unsolicited telephone solicitations to Plaintiff's telephone number. Apparently, the Defendant did not access the National do-not-call list prior to the initiation of the telephone solicitations to Plaintiff's telephone number.

5. Beginning on August 5th, 2015 the Defendant began initiating unsolicited telephone solicitations to Plaintiffs telephone number, 281-482-7603 listed on the NDNCL in attempts to market Defendant's services to the Plaintiff. During the calls Defendant's employees attempted to set up an appointment at which the Defendant would then market its services. Defendant's employees attempted to disguise the appointment and subsequent marketing of Defendant's services as some vague and nebulous assistance in "transitioning" to Medicare when there was nothing to transition from.[1]

6. At no time was there ever a business relationship or personal relationship between the Defendant and the Plaintiff. The services provided by the Defendant do not relate substantially to

---

[1] Plaintiff was enrolled in Medicare prior to the telephone solicitations.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

any established business relationship Plaintiff has with any other business.

7. Plaintiff has never used Defendant's services nor made an inquiry or solicited in any way information on Defendant's services. There has never been any voluntary two way communications between the Defendant and the Plaintiff. Further, Plaintiff never provided prior express written consent to the Defendant to make telephone solicitations to Plaintiff's telephone number.

8. The Plaintiff requested that the Defendant provide a copy of the Defendant's do not call policy to the Plaintiff. The Defendant failed to provide one as required by the TCPA. Apparently, Defendant did not have one that could be provided to the Plaintiff. Accordingly, the Defendant's behavior indicates that Defendant believes the TCPA does not apply to them.

## THE TCPA

9. The TCPA prohibits unsolicited telephone solicitations to telephone numbers listed on the NDNCL. See 47 U.S.C. §227(c)(3)(F) and 47 C.F.R. §64.1200(c)(2). Unsolicited telephone solicitations to telephone numbers made without prior express written consent of the called party to telephone numbers listed on the NDNCL are an invasion of the called party's privacy a quantifiable and actionable injury under the TCPA. The TCPA provides for a private right of action for more than one (1) call

in a twelve (12) month period in violation of the TCPA or the CFR implemented under the TCPA. See 47 U.S.C. §227(c)(5).

10. The TCPA requires that the seller or telemarketer obtain the prior express written consent of the called party before initiating any telephone solicitation to a number on the NDNCL. See 47 C.F.R. §64.1200(c)(2)(ii) and 47 C.F.R. §64.1200(f)(8).

11. The TCPA defines telephone solicitation as:

> "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person…" 47 U.S.C. §227(A)(4) See also 47 C.F.R. §64.1200(d)(14)

12. The TCPA defines unsolicited advertisement as:

> "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. §227(A)(5) See also 47 C.F.R. §64.1200(d)(15)

13. The TCPA defines seller as:

> "the person or entity on whose behalf a telephone call or message is initiated for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 C.F.R. §64.1200(f)(9)

14. The TCPA defines telemarketer as:

> "the person or entity that initiates a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 C.F.R. §64.1200(f)(11)

TEXAS BUSINESS AND COMMERCE CODE

15. TB&CC §305.053 provides for a separate civil action for the receipt of a communication which violates the TCPA or the CFR implemented under the TCPA. Unsolicited telephone solicitations to telephone numbers made without prior express written consent of the called party to telephone numbers listed on the NDNCL are an invasion of the called party's privacy a quantifiable and actionable injury under TB&CC §305.053.

VIOLATIONS OF THE TCPA

Count 1

16. Plaintiff realleges and incorporates the allegations as set forth above as though fully set forth herein. On or about August 5th, 2015 at 2:21 p.m. Defendant made an unsolicited telephone solicitation to plaintiff's telephone number 281-482-7603 listed on the NDNCL without first obtaining Plaintiff's prior express written consent. Thus, the unsolicited telephone solicitation is a violation of 47 U.S.C. §227(c)(3)(F) and 47 C.F.R. §64.1200(c)(2).

Count 2

17. Plaintiff realleges and incorporates the allegations as set forth above as though fully set forth herein. On or about August 18th, 2015 at 3:44 p.m. Defendant made an unsolicited telephone solicitation to plaintiff's telephone number 281-482-

7603 listed on the NDNCL without first obtaining Plaintiff's prior express written consent. Thus, the unsolicited telephone solicitation is a violation of 47 U.S.C. §227(c)(3)(F) and 47 C.F.R. §64.1200(c)(2).

### Count 3

18. Plaintiff realleges and incorporates the allegations as set forth above as though fully set forth herein. On or about August 26th, 2015 at 2:42 p.m. Defendant made an unsolicited telephone solicitation to plaintiff's telephone number 281-482-7603 listed on the NDNCL without first obtaining Plaintiff's prior express written consent. Thus, the unsolicited telephone solicitation is a violation of 47 U.S.C. §227(c)(3)(F) and 47 C.F.R. §64.1200(c)(2).

### Count 4

19. Plaintiff realleges and incorporates the allegations as set forth above as though fully set forth herein. In a letter dated August 24th, 2015 Plaintiff requested that the Defendant provide the Plaintiff with a copy of Defendants do-not-call policy. The Defendant failed to provide a copy of Defendants do-not-call policy to the Plaintiff. Thus, the failure to provide a copy of Defendants do-not-call policy is a violation of 47 C.F.R. §64.1200(d)(1).

### VIOLATIONS OF TB&CC

### Count 5

20. Plaintiff realleges and incorporates the allegations above as though fully set forth herein. On or about August 5th, 2015 at 2:21 p.m. Plaintiff received an unsolicited telephone solicitation to Plaintiff's telephone number 281-482-7603 listed on the NDNCL without the Defendant first obtaining Plaintiff's prior express written consent. The entire call was recorded by the Plaintiff. Thus, the unsolicited telephone solicitation is a violation of TB&CC §305.053.

Count 6

21. Plaintiff realleges and incorporates the allegations above as though fully set forth herein. On or about August 18th, 2015 at 3:44 p.m. Plaintiff received an unsolicited telephone solicitation to Plaintiff's telephone number 281-482-7603 listed on the NDNCL without the Defendant first obtaining Plaintiff's prior express written consent. The entire call was recorded by the Plaintiff. Thus, the unsolicited telephone solicitation is a violation of TB&CC §305.053.

Count 7

22. Plaintiff realleges and incorporates the allegations above as though fully set forth herein. On or about August 26th, 2015 at 2:42 p.m. Plaintiff received an unsolicited telephone solicitation to Plaintiff's telephone number 281-482-7603 listed on the NDNCL without the Defendant first obtaining Plaintiff's prior express written consent. The entire call was recorded by the

Plaintiff. Thus, the unsolicited telephone solicitation is a violation of TB&CC §305.053.

Count 8

23. Plaintiff realleges and incorporates the allegations as set forth above as though fully set forth herein. In a letter dated August 24th, 2015 Plaintiff requested that the Defendant provide the Plaintiff with a copy of Defendants do-not-call policy. The Defendant failed to provide a copy of Defendants do-not-call policy to the Plaintiff. Thus, the failure to provide a copy of Defendants do-not-call policy is a violation of TB&CC §305.053.

APPLICABLE TO ALL COUNTS

24. Plaintiff has suffered actual damages from Defendant's unsolicited telephone solicitations to his telephone number listed on the NDNCL. The TCPA and TB&CC state that an individual may bring a civil action against a seller and/or telemarketer that initiate unsolicited telephone solicitations without the prior express written consent of the called party to telephone numbers that are listed on the NDNCL.

25. Pursuant to 47 U.S.C. §227(c)(5) Plaintiff hereby seeks the maximum statutory damages of up to $500.00 for each of the four (4) violations under the TCPA and statutory damages of $500.00 for each of the four (4) violations under TB&CC.

26. In addition, Plaintiff alleges that the violations of the TCPA and TB&CC committed by the Defendant were done willfully and/or knowingly. Pursuant to 47 U.S.C. §227(b)(3) and TB&CC §305.053(c) Plaintiff seeks additional damages in an amount determined by the Court to be equal to treble the amount found by the Court in accordance with Paragraph 25 hereof.

## PERMANENT INJUNCTIVE RELIEF

27. An injunction is a matter of law pursuant to 47 U.S.C. §227(b)(3)(A) and TB&CC §305.053(a)(3). Plaintiff and members of the public will benefit from injunctive relief.

28. Plaintiff alleges that Defendant will continue to harm Plaintiff and others by invading the privacy of members of the public by initiating unsolicited telephone solicitations to telephone numbers on the NDNCL without prior express written consent a willful and knowing violation of the TCPA. Consequently, Plaintiff believes an injunction is necessary to ensure Defendant's compliance with the TCPA. Plaintiff, pursuant to 47 U.S.C. §227(b)(3)(A) and TB&CC §305.053(a)(3) seeks a permanent injunction barring the Defendants from:

a. Initiating by and on their behalf, unsolicited telephone solicitations to telephone numbers of members of the public that are listed on the NDNCL without 1st obtaining prior express written consent of the recipient of the call.

b. Failing to provide, on demand, a copy of the do not call policy.

## PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff prays that the Defendant be cited to appear and answer herein and that upon trial hereof Plaintiff recover a judgment of and from the Defendant for his damages as allowed by law, additional treble damages as allowed by law, punitive damages as allowed by law, injunctive relief as allowed by law, costs of court and for all such other and further relief, at law and in equity, to which Plaintiff may show himself justly entitled.

*Joe Shields*

Joe Shields
Plaintiff Pro Per
16822 Stardale Lane
Friendswood, Texas 77546
Home: 281-482-7603